IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA COPPOLO,<br>    Plaintiff | : | Civil Action No. 3:13-CV-636 |
| v. | : | |
| | : | (Judge Nealon) |
| CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br>    Defendant | : | (Magistrate Judge Carlson) |

FILED SCRANTON
MAR 3 1 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

On March 11, 2013, Plaintiff, Donna Coppolo, filed a complaint seeking review of the Commissioner of Social Security Administration's ("Commissioner") denial of her application for disability insurance benefits. (Doc. 1). A Report was issued by United States Magistrate Judge Martin C. Carlson on March 11, 2014 recommending that the case be remanded to the Commissioner. (Doc. 13). Objections to the Report and Recommendation ("R&R") were due on or before March 28, 2014. On March 25, 2014, Defendant filed a letter waiving the opportunity to object to the R&R. (Doc. 14). Additionally, Plaintiff has not filed objections. After considering the review and reasoning of the Magistrate Judge, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is substituted for Michael J. Astrue as the Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F.Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the case be remanded to the Commissioner for further development of the record and consideration of the medical evidence. (Doc. 13). The Magistrate Judge thoroughly reviewed the ALJ's decision and determined that the ALJ's decision is not adequately explained and is not supported by substantial evidence. (Doc. 13, pgs. 21-40).

The Magistrate Judge reviewed the ALJ's discussion of the sequential evaluation process. (Doc. 13, pgs. 31-33). At step one of the sequential evaluation process, the ALJ found that Coppolo had not engaged in substantial gainful work activity since January 1, 2010, the alleged disability onset date. (Tr. 15). At step two, the ALJ found that Coppolo suffered from the severe impairments of fibromyalgia, chronic fatigue syndrome, and a major depressive disorder. (Tr. 15).[2] At step three, the ALJ found that Coppolo did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 17-19). The ALJ also

---

[2] References to "Tr._" are to pages of the administrative record filed by the Defendant as part of her Answer on May 10, 2013.

determined that Coppolo had the residual functional capacity to perform light work. (Tr. 19-23). At step four, the ALJ determined that Coppolo was not capable of performing her past relevant work. (Tr. 23). At step five, the ALJ determined that there were a significant number of jobs in the national economy that Coppolo could perform. (Tr. 23-24). The jobs identified were a hotel desk clerk, a retail salesperson, and a mail sorter. (Tr. 24). Coppolo was therefore found to be not disabled under the Act from January 1, 2010, the amended disability onset date, through February 22, 2012, the date of the ALJ's decision. (Tr. 24-25).

The Magistrate Judge noted that the ALJ did not adequately state why she discounted the opinion of Coppolo's treating physician. (Doc. 13, pgs. 34-36). The Magistrate Judge also determined that the ALJ's treatment of the medical evidence regarding Coppolo's physical limitations due to fibromyalgia and chronic fatigue syndrome is inconsistent and ambiguous. (Doc. 13, pgs. 36-37). Additionally, the Magistrate Judge determined that the ALJ's finding that Coppolo's work history was inconsistent with the treating physician's opinion is not supported by the evidence of record. (Tr. 37-39). Therefore, the Magistrate Judge recommended that the case be remanded to the Commissioner to further develop and evaluate the medical record. (Doc. 13, pgs. 34-39).

In the absence of objections, the Report and Recommendation will be adopted. An appropriate order follows.

Date: March 31, 2014

_____
**United States District Judge**